## Moses Buchanan & Co. *v.* Orange S. Clark; Orange G. Clark, *Trustee.*

*Validity of conveyance to provide for future support.*

A person not in debt may make a voluntary conveyance of his property for the purpurpose of securing his future support which will be valid against his subsequent creditors.

TRUSTEE PROCESS. Some years previous to 1836, the principal debtor Orange S. Clark, the father of the trustee, purchased a small piece of land in Groton village, for $75. He made improvements, by building a dwelling house, and other necessary buildings for a family, so that it answered for a homestead, and was occupied by him as such. One Kimball, a relative of the family, assisted him to pay for the place, and took a deed of it in his own name, but held it in trust for the said Orange S., who paid Kimball to his satisfaction. In April, 1836, the said Orange S. was fearful that Kimball was going to fail in business, and he solicited his son Orange G. (the trustee) to take a deed of the place to himself, in trust for him and family. Orange G. was just in his majority and was unwilling to take a deed or have anything to do with it,—but,

on the urgent request of his father and mother, he consented, on condition that the place was to be absolutely his and under his control, excepting that his father and mother and the minor children were to have a home, or he was to furnish a home for them so long as his father and mother lived. At this time, the said Orange S. was free of debt, and the reason why the property was not in his hands was that the family were apprehensive he would squander it, as he was in the habit of frequent intoxication.

The deed of the place was executed to the trustee on the 2d of April, 1836, and he paid no other consideration for it, than his agreement to furnish his parents with a home, as above stated. The place continued the home of the family as before, till about 1845, when, at the request of Orange S. and his wife, the trustee sold the same for $300, and purchased another place with more land, and out of the village, for $700, and the avails of the Kimball place were applied in payment of the last place, which was purchased of another son, Frost Clark.

Previous to the last purchase, the family had moved on to the place, and continued to live on it, applying the products of the place to the support of the family, without any accounting to the trustee for any portion of it;—the trustee all the time furnishing a good house, for the use of the place and family, until about four years since, when the mother deceased, and the trustee immediately took possession, taking care of his father, and giving him a home in his family.

The Frost Clark place was paid for by the trustee out of his own funds, excepting the $300 for which the Kimball place was sold; and at this time a portion of the plaintiff's claim against the principal defendant, Orange S., had accrued.

Upon the foregoing facts reported by the commissioner, the county court, December Term, 1855,—POLAND, J., presiding,— discharged the trustee, to which the plaintiff excepted.

*J. Potts* for the plaintiffs.

The Kimball place remained the property of the principal debtor up to 1845, and subject to be set off on execution by his creditors, but not liable to be levied upon by the creditors of the trustee. It appears that, in 1845, the present trustee conveyed the trust estate

to a third person, by virtue of an agreement or contract made between him and the principal debtor, and received therefor the sum of $300, and this, too, after the plaintiffs' debt had accrued.

This transaction, we think, was fraudulent and void as against the rights of the plaintiffs; the only consideration therefor was the trustee's mere promise to furnish a future home for himself and family, and in this respect is similar to the case of *Crane* v. *Stickles & Trustee*, 15 Vt. 252, and *Jones* v. *Spear & Trustee*, 21 Vt. 426.

*Dickey* for the trustee.

The opinion of the court was delivered by

REDFIELD, CH. J. As the voluntary conveyance in this case, or contract for future support on the part of the principal debtor, with the trustee, was prior to the accruing of the plaintiffs' debt, or any part thereof, and seems to have been made in good faith, and strictly performed, we do not see how he can be charged as trustee. Such a contract is perfectly valid, as to subsequent creditors.

Judgment affirmed.